## STATE OF KANSAS

### JANUARY TERM, 1926

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON, } JUSTICES.
HON. W. W. HARVEY,
HON. RICHARD J. HOPKINS,

No. 26,333.

## In the Matter of the Application of FRANK STANLEY for a Writ of Habeas Corpus.

### SYLLABUS BY THE COURT.

PARDONS—*Inaccurate Recitals.* In an answer and return to a writ of habeas corpus sued out by a person who was convicted of a crime and granted a pardon therefor by the governor, no mere inaccuracy in the recitals of the pardon touching the court term at which the petitioner was convicted or in stating the nature of his offense and conviction is sufficient to vitiate the pardon, when the information, verdict, and judgment record conclusively show that the pardon was granted in absolution and forgiveness for that identical offense—following *In re Eggleston,* 118 Kan. 381, 234 Pac. 970.

Original proceedings in habeas corpus. Opinion filed December 16, 1925. Writ allowed.

*S. L. Matthews* and *Grant W. Harrington,* both of Kansas City, for the petitioner.

*Harry Hayward, Thomas H. Finigan* and *David E. Henderson,* all of Kansas City, for the respondent.

Pardons, 29 Cyc. p. 1568 n. 47; 20 R. C. L. p. 548.

The opinion of the court was delivered by

Dawson, J.: Frank Stanley brings this original proceeding in habeas corpus to obtain his release from the custody of the sheriff of Wyandotte county.

On October 29, 1922, Stanley was convicted in the district court of Wyandotte county of the offense of cheating and defrauding, and was sentenced to the penitentiary for the period of one to five years.

On November 12, 1924, Governor Jonathan M. Davis granted a pardon to Stanley, the validity of which the sheriff declines to recognize because the pardon does not accurately recite the substance of the judgment record of Stanley's conviction in these particulars:

(*a*) The pardon recites that Stanley's conviction occurred at the *October* term of court, when the fact is that it was at the *September* term;

(*b*) The pardon recites that Stanley was convicted of the crime of "obtaining money under false pretense," when the judgment record shows that his offense was that of "cheating and defrauding."

Counsel for the sheriff call attention to the date of his answer and return to the writ of habeas corpus, which was March 20, 1925, and that the analogous case of *In re Eggleston*, 118 Kan. 381, 234 Pac. 970, was not decided until some three weeks thereafter, April 11, 1925. However, the latter case virtually forecloses the points urged by the sheriff. Notwithstanding the want of precision in the recitals of the pardon there is no doubt that the governor intended to and did grant absolution and forgiveness to Stanley for the very crime he did commit and for which he was convicted. There is no pretense that Stanley was convicted of two separate offenses, that the governor had pardoned him for one of them, and that a judgment of conviction and unsatisfied sentence for another crime still hangs over him. Indeed, the jury's verdict, upon which Stanley's sentence was imposed, found the defendant guilty of cheating and defrauding "as charged in the information," and an examination of the information shows conclusively that the offense therein charged and the offense for which the pardon gave unqualified remission were identical.

The writ is allowed and the sheriff is directed to release the petitioner instanter.